**CHARIHO REGIONAL SCHOOL COMMITTEE**

v.

**CHARIHO TEACHERS' ASSOCIATION.**

**No. 80–94–Appeal.**

Supreme Court of Rhode Island.

July 8, 1982.

Breslin & Sweeney, David F. Sweeney, John G. Earle, Warwick, for plaintiff.

Thomas J. Liguori, Jr., Natale L. Urso, Westerly, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court in response to the plaintiff's complaint requesting declaratory and injunctive relief. We affirm.

The Chariho Regional School Committee (the committee) and the Chariho Teachers' Association (the association) entered into a collective-bargaining agreement that provided two mechanisms for the settlement of grievance disputes. The relevant portion of the agreement reads as follows.

"(a) Appeal in accordance with the provisions of Title 16, Chapter 39 of the General Laws of Rhode Island, 1956, as amended, to the full extent permitted by law.

"(b) Submit the grievance to final and binding arbitration under the voluntary arbitration rules of the American Arbitration Association * * * *This part (b) is to be effective as per litigation in Richmond. The court's decision will be accepted.*" (Emphasis added.)

The present controversy relates to the interpretation of clause (b). It is undisputed by the parties that the words "litigation in Richmond" referred to a case then pending in the Superior Court entitled *Richmond School Committee v. Rhode Island Labor Relations Board*, No. AOTC 72–8 (R.I.Super.Ct., Nov. 14, 1978). That administrative appeal was taken from a decision of the Rhode Island State Labor Relations Board which required, inter alia, that the Richmond School Committee should execute a contract that included a binding-arbitration provision. Ultimately, a Superior Court justice ruled that binding arbitration of grievances was a mandatory subject for collective bargaining under G.L.1956 (1979 Reenactment) § 28–9.3–2. The Superior Court justice in the *Richmond* case drew a distinction between a mandatory subject for collective bargaining and the obligation to agree to a particular provision.

The trial justice in the instant case interpreted the language relating to arbitration entered into between the committee and the association to mean that this provision would become effective in the event that a court in the *Richmond* case found that arbitration of grievances was a mandatory subject for collective bargaining. The trial justice in the case at bar determined that the Superior Court had so ruled in the *Richmond* case and that, therefore, the provision relating to arbitration of grievances in the instant case had become effective. He further declared that the arbitration provision should be made available to an aggrieved member of the association. He also decided that the committee was not entitled to injunctive relief against arbitration. With this interpretation and ruling we agree.

The trial justice in this case was confronted with the problem of interpreting cryptic and ambiguous language within a factual context that would give such language a reasonable meaning. In effect, the trial justice found as a matter of fact and held as a matter of law that the parties to this collective-bargaining agreement intended to make the arbitration of grievances an effective part of the contract in the event that it was determined in the *Richmond* case that the arbitration of grievances should be a mandatory subject of

bargaining. Since the Superior Court in the *Richmond* case so determined, then the arbitration provision in the instant contract became effective because the condition precedent had occurred.

■ The committee argued in the Superior Court and before us that it has no authority to submit grievance disputes to binding arbitration. This assertion is without merit since this court has unequivocally held that a school committee may agree through collective bargaining to the binding arbitration of grievances arising under a contract with its employees. *Providence Teachers Union, Local 958 v. School Committee of Providence*, 108 R.I. 444, 449, 276 A.2d 762, 765 (1971). This holding was reaffirmed in *Belanger v. Matteson*, 115 R.I. 332, 351, 346 A.2d 124, 135 (1975), *cert. denied*, 424 U.S. 968, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976).

■ The committee further argues that the trial justice in the case at bar misconceived the decision of the Superior Court in the *Richmond* case. We disagree. The trial justice clearly perceived the twin holdings of the court in *Richmond*. He pointed out with clarity and logical force that the court in *Richmond* had held that the binding arbitration of grievances was a mandatory subject for collective bargaining. The second portion of the holding in *Richmond* relates only to the obligation of the Richmond School Committee to agree to a particular provision. This latter holding was inapplicable to the issues in the case at bar. The trial justice correctly so held.

The most sensible interpretation of the parties' agreement in the case at bar was that if the court in *Richmond* held that arbitration of grievances was a mandatory subject for collective bargaining, then the provision contained in this contract between the committee and the association would become effective. It is obvious that the court in *Richmond* had so held and that the trial justice's determination in the case at bar was clearly correct. We are constrained to observe that it is unnecessary for us at this juncture to determine whether we agree or disagree with the holding of the Superior Court justice in the *Richmond* case. No petition for certiorari came before us in that case. For purposes of the instant collective-bargaining agreement, no requirements of appellate review were included. Therefore, the legal framework selected by the parties must be taken from the judgment of the Superior Court in *Richmond*.

For the reasons stated, the appeal of the committee is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.

SHEA, J., did not participate.